## LOOS v. CALDWELL.

### March 26, 1840.

*Rule to show cause why a third person should not be made a defendant in ejectment.*

A. brought ejectment for land against B., in his possession, on certain articles of agreement between them. After the serving of the writ, B. conveyed the land to C. by deed, and C. applied to be made a defendant, on that ground, in the action of ejectment brought by A. against B. The application was refused.

THIS was an action of ejectment brought by Christian Loos and Andrew D. Caldwell against John Caldwell, to June term, 1837, No. 975, to recover a lot or tract of land, situate in Penn Township, in the County of Philadelphia, containing nine acres.

The writ appears from the docket entries and the *teste* to have issued on the 24*th of June*, 1837, and was made returnable to the *first Monday in August.* The following is the return:

"*Served the defendant personally, by giving him a true and attested copy, and also read the original to him the same time.— June 20th, 1837.*"

A rule was obtained to show cause why Stephen Hills, Jr., should not be admitted as a party defendant upon the following grounds:

"The claim of the plaintiffs is believed to be founded upon a written agreement, made by them with the defendant, for the purchase from him of the premises. The agreement is dated the 19th of April, 1837, and contains a stipulation by which the defendant was to have until the 10th of June following to examine the title to certain land in Kentucky, to be taken in exchange, and if the land should not be as represented by the plaintiff Loos, the agreement was to be at at an end.

"The defence is, that the title was not sufficient, and the land not such as was represented, and that on the 2d of June, 1837, the agreement was declared to be at an end by the defendant.

"On the 11th of June, 1837, Stephen Hills, Jr., made a contract

[Loos v. Caldwell.]

with the defendant for the purchase from him of the premises, and, as is alleged, without notice of any previous agreement.

" The deed from the defendant to Hills is dated and was acknowledged on the 7th of July, 1837, and duly recorded on the 21st of July, 1837."

The following is a copy of the affidavit of Stephen Hills, Jr.

" Stephen Hills, Jr., at present residing in the city of New York, being duly sworn, saith, that on or about the eleventh day of June, A. D. 1837, he made a contract with John Caldwell, the defendant, for the purchase of a tract of land in Penn Township, for which this ejectment has been brought; and on the seventh day of July, A. D. 1837, received a deed for the same from the said John Caldwell and wife. That at the time of the said contract, nor at the time of the said deed, this deponent was not aware of any action of ejectment having been brought, or of any other action having been brought for, or in respect to the premises, or of any writ having been issued for, or in respect to the same, or of any agreement having previously been made by the said John Caldwell for the sale or disposal of the same to the plaintiff or any other person. That the sum of seventy-five thousand dollars stated in the conveyance from John Caldwell to this deponent as the consideration thereof was actually paid or secured to be paid as follows: the sum of forty-six thousand two hundred and fifty dollars in stocks or other real estate; sixteen thousand seven hundred and fifty dollars, by the assignment to the said John Caldwell of a bond conditioned for the payment of that amount secured by mortgage upon other real estate; and the sum of thirteen thousand one hundred dollars by deponent's bond to said Caldwell secured by mortgage upon the premises aforesaid which included the sum of eleven hundred dollars commission to the mutual broker of said Caldwell and this deponent for his services, and which were assumed by said Caldwell. And that this deponent is still the owner of the premises and in possession thereof."

*T. J. Wharton,* for the rule
*G. M. Wharton,* contra.

The counsel cited *Adams on Ej.* 228-9, 232; *Wm. Bl. Rep.* 1259; 1 *Rawle* 424; 3 *T. R.* 783; 1 *Yeates* 575; 3 *S. & R.* 429; *Sugden* 536; *Sid.* 373; *Dalt. Shff.* 178; 2 *Levinz* 13; 1 *Vent.*

[Loos v. Caldwell.]

135; 1 *J. C. R.* 566; 3 *Binn.* 209; 5 *Watts* 55; *Story's Eq. Pl.* 150, 393; 2 *J. C. R.* 155; 5 *J. C. C. R.* 93; 5 *Co. Rep.* 47, *b*; 3 *Rawle* 187; 3 *Burr* 1301; 1 *Ros. on Real Act.* 285, 293; *Booth on R. A.* 69, 70; 3 *Ba. Ab.* 1290.

PER CURIAM.—The object of our act of assembly on this subject is to allow a *landlord* to be made a defendant, where the defendant is the lessee and in possession. Now, in this case, Hills was a *vendee* of this land, by deed, after the ejectment brought and summons served, and the defendant was his vendor. We do not find any warrant for authorizing a third person in the position of Hills to come in as a defendant.

Rule discharged.